ELIZABETH CITY MILLING COMPANY v. PHILLIPS AND COMPANY.

(Filed 14 September, 1921.)

### Contracts—Breach—Actions—Damages.

> The plaintiff bought from the defendant 1,000 bags of seed potatoes for delivery upon his order during specified months of that year, and thereafter, owing to weather conditions and war-traffic congestions, entered into a new contract, in substitution of the old, whereby the defendant was to ship, when ordered out, one-fourth of the potatoes during other stated intervals. The plaintiff did not order out the first shipment, and thereafter ordered out the shipments in one-half the quantity he had bought, and at different periods from those stated in his contract, and declared the contract at an end before the last shipment was thereunder due. In his action to recover damages for loss of profits: *Held,* he had breached his own contract and could not recover; and the verdict allowing defendant's counterclaim for damages for loss by reason of the sale of the potatoes under the contract price, will not be disturbed.

APPEAL by plaintiff from *Allen, J.,* at January Term, 1921, of PASQUOTANK.

This was an action upon a contract, made by correspondence, for the delivery by defendant to the plaintiff at Elizabeth City of 1,000 sacks of seed Irish potatoes to be shipped subject to weather hazards, and upon receipt of written order from the plaintiff for shipment. The plaintiff deposited with the defendant the sum of 50 cents per sack in advance. The defendant agreed to refund to plaintiff the purchase price per sack for all potatoes frozen before delivery. The defendant actually delivered only 440 sacks, of which 12 sacks were frozen, and the liability therefor acknowledged.

The plaintiff brings this action for $280, being the refund of 50 cents per sack deposited for the 560 sacks not delivered; for $52.80, being the purchase price for the 12 sacks of frozen potatoes, and $896, alleged profit which plaintiff would have made if potatoes had been delivered

according to contract. The first two items were not disputed, but the defendant contended that it was relieved of shipping the potatoes on account of weather conditions, and also by reason of the congestion of traffic caused by the war, and also pleaded as a counterclaim that by reason of the failure of plaintiff to take the potatoes when offered within the time specified, it was forced to sell the same at a price below the contract. The jury found all issues in favor of the defendant and assessed the sum due the defendant at $288.75, and from the judgment plaintiff appealed.

*Meekins & McMullan and Thompson & Wilson for plaintiff.*
*Ehringhaus & Small for the defendant.*

CLARK, C. J. By the contract which was made 7 September, 1917, it was provided that the potatoes should be shipped "between 1 January and 1 February, 1918." Owing to congestion in freight shipments caused by the war the contract was changed, as appears by the correspondence, to provide that the potatoes should be shipped, "25 per cent last of November, 25 per cent in December, 25 per cent in January and February, and 25 per cent in March."

The plaintiff failed to order any shipment in November, but demanded 50 per cent to be shipped in December and the remaining 50 per cent also in December, or half in December and half in January. These demands were not assented to by the defendant, and were contrary to the amended contract as above set out. On 13 March the plaintiff canceled the order and refused to take the remainder of the potatoes, though the defendant had under the terms of the contract all the month of March to complete delivery. The plaintiff received about 25 per cent of the potatoes during December, and in January another shipment covering the deliveries agreed on for February. No written orders were given for November, and the contract was canceled by plaintiff March 13, before the time for the final deliveries had expired.

The plaintiff had no right to recover, upon his own showing, according to which he had breached the contract in four particulars. He was entitled to recover nothing, and the defendant was properly permitted to recover for its damage by reason of the cancellation of its order after deducting the amount in hand, *i. e.,* 50 cents per barrel for the potatoes not delivered and for the frozen potatoes. That is, the defendant recovered the difference between the contract price and the price realized by the sale of the potatoes whose delivery was improperly refused, less the amount of the deposit of 50 cents per barrel for the potatoes not delivered, and proper credit was also given to the plaintiff for the frozen potatoes.

No error.